In the Matter of the Judicial Settlement of the Account of Proceedings of GUARANTY TRUST COMPANY OF NEW YORK, as Trustee of the Trust Created for the Benefit of SOPHIA KATHLEEN DUNBAR under Subdivision 2 of Clause Sixth of the Last Will and Testament of JAMES BENSON KENNEDY, Deceased. MARJORIE FREDERICA ANN DUNBAR (by CORNELIUS J. SMYTH, Her Special Guardian), and DRUMMOND C. N. DUNBAR, Appellants; GUARANTY TRUST COMPANY OF NEW YORK, as Trustee, etc., of JAMES B. KENNEDY, Deceased, and Others, Respondents.

Present — O'Malley, Untermyer, Dore, Cohn and Callahan, JJ.; Untermyer, J., dissents in part; dissenting opinion by Untermyer, J.

UNTERMYER, J. (dissenting in part). I concur in the conclusion of the surrogate, that in the absence of an express restriction in the donor's will the donee's power to appoint a fee included power to appoint a lesser estate. I do not agree, however, that power existed to appoint future estates to issue of the donee's children who were not in existence at the death of the donee, at which time the trustees were required " to pay and divide " the principal of the trust. The provisions of the will of James B. Kennedy are, in our opinion, distinguishable from

those under consideration in *Hillen* v. *Iselin* (144 N. Y. 365) on which the surrogate relied.